**E-FILED**
Monday, 26 September, 2005  10:38:34 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  04-30055 |
| | ) | |
| JAMES M. EADS, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on September 22, 2005, for the sentencing of Defendant James M. Eads.  Defendant Eads appeared in person and by his attorney Assistant Federal Defender Douglas Beevers. The Government appeared by Assistant U.S. Attorney Gregory Gilmore. On May 19, 2005, Defendant Eads pleaded guilty to: (1) Mail Fraud in violation of 18 U.S.C. 1341, as alleged in Count 1 of the Indictment; (2) Making a False Statement to the Social Security Administration in violation of 42 U.S.C. § 408(a)(3), as alleged in Count 2 of the Indictment; and (3) Theft of Social Security Benefits in violation of 18 U.S.C. § 641, as alleged in Count 3 of the Indictment.  The United States Probation Office prepared

a Revised Presentence Investigation Report, dated September 9, 2005 (PSR). The Government has no objections to the PSR.

Defendant Eads raises the following objection to the PSR:

Paragraphs 26, 30, 32, 34, 78, 71

Defendant Eads objects to the calculation of the amount of loss in these paragraphs. He argues that he would have been entitled to food stamp benefits, and the amount of food stamps to which he would have been entitled should be offset against the amount of Social Security disability benefits that he fraudulently received. For the reason stated of record, the Court overrules the objection. The amount of loss means the foreseeable pecuniary harm that resulted from the offense. U.S.S.G. § 2B1.1, Comment Note 3(A). The Comments indicate that if the Defendant was actually entitled to part of the benefits that he received, the amount to which he was entitled should be excluded from the amount of the loss. U.S.S.G. § 2B1.1, Comment Note 3(F)(ii). The Defendant received disability benefits, not food stamps. He was not entitled to any of the disability benefits, so the amount of the loss is the full amount of the benefits fraudulently received. There is no offset. The objection is overruled.

Defendant Eads has no other objections to the PSR. The Court

therefore adopts the findings of the PSR as its own.  Accordingly, the Court finds that Defendant Eads has a Guideline offense level of 12 and is in criminal history category I, resulting in a sentencing range of 10 to 16 months in Zone C of the Guideline range.  The Guideline range is only advisory, and the Court exercises its discretion to determine Defendant Eads's sentence.  United States v. Booker, __ U.S. __, 125 S.Ct. 738 (2005).

For the reason stated of record, the Court sentences Defendant Eads to a term of 5 months imprisonment on each of Counts 1, 2, and 3, to run concurrently, to be followed by 3 years of supervised release on each of Counts 1, 2, and 3, to run concurrently with the first 5 months of such supervised release to be served in home confinement, and imposes a $300.00 special assessment.  Defendant Eads also is ordered to pay restitution in the sum of $106,572.40.  The restitution is owed to the Social Security Administration.  The special assessment and the restitution are to be paid as follows: (1) while in prison, Defendant Eads shall pay the greater of (a) the sum of $25.00 per month, or (b) 50 percent of his monthly earnings; and (2) upon his release from prison, Defendant Eads shall pay the sum of $50.00 per month.  The payments shall be applied first to the special

assessment and then to the restitution.  Should Defendant Eads receive a sum of money from any source that exceeds the amount of the then unpaid special assessment and restitution, he shall report the matter to the Probation Office and the entire amount of the unpaid restitution and special assessment shall be immediately due and payable.  Should the Defendant fail to make any prescribed payment without giving prior notice to the Probation Office or the Court, the entire amount of the unpaid special assessment and restitution shall be immediately due and payable.  No fine is imposed.

Defendant Eads is hereby ordered to appear to begin his term of imprisonment on November 28, 2005, at 12:00 p.m. noon, central standard time, at either: (1) the facility designated by the Federal Bureau of Prisons as the one in which he will begin serving his term of imprisonment; or (2) the United States Marshal's Office located at 600 East Monroe Street, Springfield, Illinois.  The Court recommends that the Federal Bureau of Prisons initially place the Defendant in a medical facility for evaluation and any necessary treatment, and thereafter, place him in a facility as close to Springfield, Illinois, as possible.

IT IS THEREFORE SO ORDERED.

ENTER:   September 26, 2005.

FOR THE COURT:

s/  Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE